Appellant Ty Young is appealing the decision of the Stark County Court of Common Pleas that found him to be a "sexual predator" as defined in R.C. 2950.01(E). The following facts give rise to this appeal.
On February 8, 1993, the Stark County Grand Jury secretly indicted appellant on two counts of rape and one count of gross sexual imposition. Appellant initially entered pleas of not guilty, however, on April 23, 1993, appellant withdrew his plea of not guilty and plead guilty to the charges contained in the indictment. The trial court sentenced appellant to five to twenty-five years for the two counts of rape and two years for the count of gross sexual imposition. The sentences are to be served concurrently.
On January 1, 1997, following the effective date of R.C. Chapter 2950, which is Ohio's version of Megan's Law, the Warden of the Marion Correctional Institution recommended appellant be adjudicated a sexual predator. Defense counsel filed several motions challenging the constitutionality of R.C. Chapter 2950. The trial court overruled appellant's motions on June 16, 1997. The trial court conducted the classification hearing on July 9, 1997, after the trial court overruled appellant's motion to continue the hearing. On July 10 and July 16, 1997, the trial court filed judgment entries finding appellant to be a sexual predator.
Appellant timely filed his notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE HOUSE BILL 180 (HEREINAFTER H.B. 180) PROCEEDINGS AGAINST HIM ON EX POST FACTO GROUNDS.
 II. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE H.B. 180 PROCEEDINGS AGAINST HIM ON RETROACTIVE APPLICATION GROUNDS.
 III. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE H.B. 180 PROCEEDINGS AGAINST HIM ON DOUBLE JEOPARDY GROUNDS.
 IV. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS BECAUSE H.B. 180 IS UNCONSTITUTIONALLY VAGUE.
 V. THE TRIAL COURT ERRED IN DENYING APPELLANT'S REQUEST FOR A CONTINUANCE OF THE H.B. 180 CLASSIFICATION HEARING.
 VI. THE TRIAL COURT ERRED IN CLASSIFYING APPELLANT AS A PREDATOR WITHOUT A RECORD OF CLEAR AND CONVINCING EVIDENCE TO SUPPORT THE FINDING.
 I, II, III, IV, V
We will address appellant's first, second, third, fourth and fifth assignments of error simultaneously. Pursuant to this Court's decision in State v. McIntyre (Feb. 1, 1999), Stark App. No. 1997CA00366, unreported, we hereby overrule appellant's first five assignments of error.
Appellant's first, second, third, fourth, and fifth assignments of error are overruled.
 VI
In his final assignment of error, appellant maintains the trial court erred in classifying him as a "sexual predator" without a record of clear and convincing evidence to support the finding. We disagree.
Appellant's assignment of error essentially sets forth a manifest weight of the evidence claim. We find this to be the applicable standard of review as the Ohio Supreme Court, in the case of State v. Cook (1998), 83 Ohio St.3d 404, addressed a similar challenge under a manifest weight standard of review.Id. at 426. This Court has previously determined, pursuant toCook, that R.C. Chapter 2950 is remedial in nature and not punitive. As such, we will review this claim under the standard of review contained in C.E. Morris v. Foley Construction
(1978), 54 Ohio St.2d 279.
Under this standard of review, we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment.Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris at syllabus.
The essential factors a trial court is to consider in determining whether a person should be classified as a "sexual predator" is contained in R.C. 2950.09(B)(2). This statute provides:
 In making a determination under division (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
The trial court did not address these factors in its judgment entries of July 10 and July 17, 1997. However, at the hearing, following the presentation of testimony, the trial court addressed the above factors. The trial court noted that the victim in this case was under the age of thirteen at the time of the offense. Tr. at 17. Appellant testified, at the classification hearing, that he had sexual contact with two other boys, ages seven and ten. Id. at 14-15. The trial court found these offenses to be ongoing conduct which involved oral sex and anal intercourse. Id. at 18. Appellant has attended one program for sex offenders. Id. Based upon the above factors, the trial court concluded, by clear and convincing evidence, that appellant should be classified as a "sexual predator" as defined in R.C. 2950.01(E). Id.
Accordingly, we find there is relevant, competent and credible evidence to support the trial court's conclusion, by clear and convincing evidence, that appellant should be classified as a "sexual predator". The trial court's conclusion is not against the manifest weight of the evidence.
Appellant's sixth assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County
By: Wise, P. J., Hoffman, J., and Farmer, J., concur.
--------------------
--------------------
 -------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
--------------------
--------------------
 -------------------- JUDGES
Hon. John W. Wise, P. J., Hon. William B. Hoffman, J., Hon. Sheila G. Farmer, J., JUDGES.